**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Robin S. BEYER, Defendant and Appellee.**

**Cr. No. 880384.**

Supreme Court of North Dakota.

June 27, 1989.

Glenn Dill, III (argued), Asst. State's Atty., Kenmare, for plaintiff and appellant. Appearance by Tom Slorby, State's Atty.

Schoppert Law Firm, Minot, for defendant and appellee; argued by Thomas K. Schoppert.

LEVINE, Justice.

In this appeal from a county court order suppressing evidence, we uphold the constitutionality of Section 39–21–37, N.D.C.C.,[1] and reverse the order suppressing evidence.

Ward County Deputy Sheriff, John Petersen, stopped a car driven by the defendant, Robin Beyer, in the town of Ryder during the early morning hours of November 15, 1987. Officer Petersen testified that Beyer's vehicle was "louder than most vehicles driving around" and was "backfiring quite loud." Petersen stopped Beyer for a possible violation of Section 39–21–37, N.D.C.C., which requires every motor vehicle to be equipped with a muffler in good working order to prevent "excessive or unusual noise."

Upon identifying Beyer during the stop, Petersen discovered that there was an active warrant for Beyer's arrest on a charge of issuing a check with insufficient funds. Petersen arrested Beyer on that charge and, incident to the arrest, searched Beyer. During the search, Petersen discovered a bag of what he suspected to be marijuana in Beyer's right coat pocket. Peterson also observed a can of beer on the floor board of the car. Petersen arrested Beyer for unlawful possession of a controlled substance and unlawful possession of an alcoholic beverage.

---

**1.** Section 39–21–37(1), N.D.C.C., provides:
"1. Every motor vehicle must at all times be equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise and annoying smoke, and no person may use a muffler cutout, bypass, or similar device upon a motor vehicle on a highway."

Prior to a trial on those charges, Beyer filed a motion to suppress from evidence the marijuana, paraphernalia, and alcoholic beverages seized by Petersen during the stop. In support of the motion, Beyer asserted that Officer Petersen did not have an articulable basis to stop Beyer's vehicle and, therefore, the foregoing items were illegally seized.

On the motion to suppress, the county court determined that Officer Petersen "did his job just fine," but that the language of Section 39–21–37, N.D.C.C., requiring all vehicles to be equipped with a muffler in good working order to prevent "excessive or unusual noise," is "too broad and subject to too many interpretations to be fairly administrated [sic]." The county court granted the suppression motion from which the State has filed this appeal.

By its ruling, the county court, in effect, determined that Section 39–21–37, N.D. C.C., is unconstitutionally vague or indefinite and, therefore, unenforceable. We disagree.

■■■ The due process clauses of the state and federal constitutions require definiteness of criminal statutes so that the language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for judges and juries to fairly administer the law. *State v. Johnson*, 417 N.W.2d 365 (N.D.1987). In order to survive a vagueness challenge, a statute must meet two requirements: (1) it must provide adequate warning as to the conduct proscribed, and (2) it must establish minimum guidelines to govern law enforcement. *State v. Schwalk*, 430 N.W.2d 317 (N.D.1988). A criminal statute is not unconstitutionally vague merely because it does not specifically designate the various different means by which a crime is committed. *State v. Tranby*, 437 N.W.2d 817 (N.D.1989).

■■■ Our research reveals a line of cases from other jurisdictions which has rejected vagueness challenges to statutes substan-

tively identical to Section 39–21–37, N.D. C.C., requiring vehicles to be equipped with mufflers to prevent "excessive or unusual noise." *People v. Byron*, 17 N.Y.2d 64, 215 N.E.2d 345, 268 N.Y.S.2d 24 (1966); *Smith v. Peterson*, 131 Cal.App.2d 241, 280 P.2d 522 (1955); *Ex Parte Trafton*, 160 Tex.Crim. 407, 271 S.W.2d 814 (1953); *see also St. Louis County v. McClune*, 762 S.W.2d 91 (Mo.Ct.App.1988) (upheld statute preventing "excessive and unnecessary noises"); *State v. Cobbs*, 411 So.2d 212 (Fl.Dist.Ct.App.1982); Annot., *Validity, Under Federal Constitution, of Federal, State, or Local Antinoise Laws and Regulations*, 36 L.Ed.2d 1042, § 5 (1974). We have found no cases concluding that this statutory language is unconstitutionally vague or indefinite, and neither the parties nor the county court have cited such a case.

In *People v. Byron, supra,* 215 N.E.2d at 347, 268 N.Y.S.2d at 26, the New York Court of Appeals stated:

"The evil sought to be prevented is 'excessive or unusual noise'. What is unusual noise in the operation of a car has become common knowledge and anything in excess of that is excessive or unusual and any ordinary motorist should have no difficulty in ascertaining whether or not excessive or unusual noise accompanied the operation of his vehicle."

In upholding a similar California statutory provision, the California District Court of Appeals for the Fourth District concluded:

"... the words 'excessive' or 'unusual', when viewed in the context in which they are used are sufficiently certain to inform persons of ordinary intelligence of the nature of the offense which is prohibited, and are therefore sufficient to establish a standard of conduct which is ascertainable by persons familiar with the operation of automobiles." *Smith v. Peterson, supra,* 280 P.2d at 528.

We agree with the reasoning of the foregoing cases that the phrase "excessive or unusual noise" provides adequate notice of the conduct proscribed. Webster's New

World Dictionary (2nd College Edition) defines "unusual," in part, as "not ... common; strange; rare; exceptional." It defines "excessive," in part, as "being too much or too great; ... inordinate ... beyond what is proper, right, or usual." We believe that the usual noise emitted from a vehicle which is equipped with a proper muffler and exhaust system is within the common knowledge of drivers. When a vehicle is emitting noise which is inordinate, or beyond that which is proper or usual, the reasonable driver should be fully cognizant of the vehicle's condition and of the possible violation of the law by driving such a vehicle.

So too, the statute provides minimum guidelines to govern police officers. The statute's prohibition is directed to excessive or unusual noise, not all noise. The meaning of these adjectives is well within the common understanding of not only drivers, but also police officers. To adjudge excessive or unusual noise, officers must rely on their sense of hearing just as they must rely on their sense of sight for speeding violations or their sense of smell for DUI violations. In *State v. Cobbs, supra,* the Florida District Court of Appeals concluded that a police officer, who determined through his own sense of hearing that the defendant's motorcycle made "excessive or unusual" noise, had an articulable suspicion justifying the officer's stop of the defendant. In so concluding, the court stated:

> "A police officer's hearing may deceive him, but so may his sense of sight, smell, taste and touch. We do not require that an officer's suspicion prove to be right; we require only that the suspicion be founded and articulable. Moreover, the law does not require that every police officer have with him a narcotics sniffing dog, a panoramic breathylizer, a radar gun, or a decibel counter to verify what he smells or sees or hears.

> \*    \*    \*    \*    \*    \*

> "The defendant argues that to sanction a stop without absolute certainty that the statutory noise limit was exceeded is fraught with potential for abuse. We see no greater potential for abuse in this case than in any case where an officer's visual observations of a vehicle's progress lead him to the founded suspicion that the driver of a vehicle is committing a traffic offense.... So long as there exists a basis from which courts can determine that the stop was not arbitrary ... the fact that that basis comes from an officer's testimony about what his senses revealed does not make the stop any less justified."

An officer's observations based upon his sense of hearing are subject to the same type of trial scrutiny, through cross examination and introduction of rebuttal evidence, as are all other observations made by an officer. We conclude that the phrase "excessive or unusual noise" provides sufficient guidelines to govern law enforcement officers.

We hold that Section 39–21–37, N.D.C.C., is not unconstitutionally vague.

■ An officer must have an articulable and reasonable suspicion that a motorist is violating the law in order to make a legal investigative stop of a vehicle. *State v. Lykken,* 406 N.W.2d 664 (N.D.1987). Petersen testified that he stopped Beyer's vehicle because it was "quite loud." He also testified that Beyer's vehicle was "louder than the other vehicles or normal vehicles that are driving around" and that it was "backfiring quite loud ... a number of times." Upon stopping Beyer, Petersen gave him a "verbal warning" that he should have his muffler checked.

We agree with the county court that Petersen "did his job just fine." Petersen, having an articulable and reasonable suspicion that Beyer's vehicle was making excessive or unusual noise in violation of the

law, made a valid investigative stop. *See Taylor v. McDonald,* 346 F.Supp. 390 (N.D. Texas 1972); *State v. Cobbs,* 411 So.2d 212 (Fl.Dist.Ct.App.1982). We conclude, therefore, that the motion to suppress evidence should not have been granted.

Accordingly, we reverse.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.