**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Brian MISCHE, Defendant and Appellant.**

Cr. No. 890086.

Supreme Court of North Dakota.

Nov. 20, 1989.

Richard J. Riha (argued), Asst. State's Atty., Bismarck, for plaintiff and appellee.

Michael R. Hoffman (argued), Bismarck, for defendant and appellant.

MESCHKE, Justice.

The trial court denied Brian Mische's motion to suppress evidence seized when he was arrested for driving under suspension. Mische then entered a conditional plea of guilty to a criminal charge of possession of a controlled substance with intent to deliver and he appealed. We affirm.

On September 24, 1988, Highway Patrolman Jerry Seeklander stopped Mische to issue a warning ticket for driving a car with one operative headlight. When Seeklander checked the status of Mische's license with State Radio, the dispatcher reported that the State Highway Department's records listed Mische's license as suspended. Seeklander arrested Mische for driving under suspension. During a search incident to that arrest, Seeklander found a controlled substance in Mische's jacket pocket. After being advised of his right to remain silent, Mische admitted that he intended to deliver the substance. Mische was then charged with possession with intent to deliver.

Mische's license had been suspended following a careless driving charge on April 17, 1988. When Mische was cited for that offense, he signed a promise to appear in Burleigh County court on April 27, 1988. However, he failed to appear in court or to post and forfeit bond before that date. As a consequence, Mische's driving record with the Driver's License Division of the Highway Department listed an assessment of six points on June 16, 1988 for a careless driving violation on April 17, 1988. Mische's record also listed an administrative hearing on June 23, 1988 for failure to appear and post bond in Burleigh County court and a subsequent indefinite license suspension effective July 13, 1988. According to Mische, he paid the careless driving fine on June 22, 1988, and the county court called the Highway Department with that information but the Highway Department failed to enter that information on its records.

Mische moved to suppress evidence of the controlled substance and his admission, contending that Seeklander lacked probable cause to arrest him because his license was

not "legally suspended" when he was arrested. The State's response to Mische's motion to suppress explained why it had dropped the charge of driving under suspension:

"The Defendant's suspension of his driving privileges was listed on highway department records as being for a failure to appear and post bond on a traffic offense in Burleigh County. A few minutes prior to the driving under suspension trial [on November 15, 1988], the Defendant, his attorney, and the [State] discovered that the Defendant had posted, and forfeited, bond on the traffic offense sometime earlier. The County Court had notified the highway department but highway department personnel had failed to enter that information on their records. As a result, the Defendant was listed as being under suspension as late as November 15, 1988 when, in fact, he should not have been under suspension at all. The State ... was granted a motion to dismiss the driving under suspension charge for the above reasons on November 15, 1988 and the highway department was notified of the error."

The trial court denied Mische's motion to suppress, and he entered a conditional plea of guilty under NDRCrimP 11(a)(2). Mische appealed.

Mische did not contend that the initial stop was improper. Instead, he asserted that the "incorrect" information about his license was not probable cause for his arrest for driving under suspension. Relying on *Albo v. State*, 477 So.2d 1071 (Fla.Ct. App. 3d Dist.1985), Mische argued that, absent the "incorrect" information, Seeklander did not have probable cause to believe that Mische was driving under suspension. Under the "fellow officer" or "collective knowledge" rule of *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), and *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985), Mische argued, the "incorrect" information was insufficient to supply law officers with probable cause because Mische's license was "wrongfully

listed as suspended by the State Highway Department."

In the Florida decision, Albo was stopped for a traffic infraction. A computer check on police radio reported that Albo's license was suspended for failure to pay a traffic fine so Albo was arrested for driving under suspension. During a search incident to the arrest, the arresting officer found a pistol concealed under an arm rest of Albo's car, and he was charged with carrying a concealed firearm. Albo moved to suppress the evidence based upon an admission that his license had been reinstated several months before the arrest, but that the police computers had not been updated to reflect that reinstatement. The Florida Court of Appeals invalidated Albo's arrest, holding that, collectively, the law enforcement officials did not objectively have probable cause to believe that Albo's license was suspended because they were at fault in not correcting their records. 477 So.2d at 1075. Thus, misinformation generated by law enforcement officials may not be grounds for probable cause.

*Albo's* bearing on this case depends on the status of Mische's license and driving record when he was arrested. It is well established that individuals do not have a natural right to drive a motor vehicle on a public highway; rather, driving a motor vehicle on a public highway is a privilege which is subject to the reasonable control of the State under its police power. *E.g.,* *State v. Kouba*, 319 N.W.2d 161 (N.D. 1982). Pursuant to that power, our Legislature has enacted requirements for obtaining and maintaining an operator's license, including provisions for license suspension and reinstatement. NDCC Ch. 39–06 and 39–06.1. Those suspension and reinstatement procedures are important in this case.

If a licensee fails to appear in court or to post and forfeit bond after signing a promise to appear, the licensee is deemed to have committed the charged offense, and the official having jurisdiction must report that fact to the licensing authority within ten days after the missed appearance. NDCC 39–06.1–04. Upon certificate of the appropriate court and after opportunity for

an administrative hearing, the Highway Commissioner may suspend an operator's license if the licensee fails to appear in court or to post and forfeit bond after signing a promise to appear. NDCC 39–06–32(6). Thus, a licensee's failure to appear in court timely starts additional adverse consequences for his driving record.

NDCC 39–06–33 governs administrative suspension hearings. The commissioner must mail a notice of intention to suspend to the licensee at the address of record kept pursuant to NDCC 39–06–20. The licensee has ten days after the mailing of the notice of intention to suspend to request a hearing. NDCC 39–06–33(1). A licensee receives sufficient notice of a suspension when the commissioner mails the decision and resulting order to the licensee at the address of record with the commissioner. NDCC 39–06–33(3). Upon suspension, a licensee must surrender the license to the commissioner. NDCC 39–06–37; NDAC 37–03–03–03. When the period of suspension expires, an operator's license may not be returned or an operator's driving privileges may not be reinstated until the operator pays a $25 reinstatement fee. NDCC 39–06–35. Until the reinstatement fee is paid, the latter statute directs that the operator's license "remains under suspension."

After signing a promise to appear on April 27, 1988, Mische did not appear in Burleigh County court or post and forfeit bond before that date. The commissioner was therefore authorized to suspend Mische's license. NDCC 39–06–32(6). Mische's record listed an assessment of six points on June 16, 1988, for a careless driving violation which occurred on April 17, 1988. Although Mische paid the careless driving fine on June 22, 1988, he was nearly two months late. He did so only one day before an administrative hearing to suspend his license, as shown on his driving record. A hearing on Mische's license suspension was therefore pending when he belatedly paid the careless driving fine, and Mische's abstract of driving record listed his driving privileges as suspended effective July 13, 1988.

We are not aware of any statute, and none has been called to our attention, which requires excuse of a pending license suspension upon a belated payment of a fine. Nor are we aware of any statute which authorizes the excuse of a pending license suspension upon a telephone call that the licensee has belatedly paid a fine. Suspension of Mische's license was not automatically excused by his belated payment of the fine. There is nothing in the record to indicate that Mische took appropriate steps, including payment of the $25 reinstatement fee under NDCC 39–06–35, to have his license reinstated. Because Mische initially failed to appear as promised, he is in no position to argue that his license was incorrectly listed as suspended when he was arrested. We conclude that Mische's license was still suspended when he was arrested.

This case is therefore distinguishable from *Albo, supra*. In that case Albo's license had been reinstated but law enforcement records incorrectly listed his license as suspended. In this case Mische's license had not been reinstated and was not "incorrectly" listed as suspended when he was arrested. Therefore, *Albo, supra*, does not aid Mische's argument about probable cause.

Probable cause to arrest exists when the facts and circumstances within a law enforcement official's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed. *City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986). In this case, Seeklander was correctly informed by a dispatcher with State Radio that the Highway Department listed Mische's license as suspended. Under the collective knowledge rule, Seeklander was entitled to rely on that information. *See State v. Geiger*, 430 N.W.2d 346 (N.D.1988); *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). That information was reasonably trustworthy and was sufficient for Seeklander to believe that Mische had committed the offense of driving while under sus-

pension. We conclude that Seeklander had probable cause to arrest Mische.

Since Seeklander had probable cause to arrest and thus to search Mische, the trial court did not err in denying his motion to suppress the controlled substance and his admission that he intended to deliver the controlled substance. The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

VANDE WALLE, J., concurs in the result.