STATE of North Dakota, Plaintiff
and Appellee,

v.

Eric J. STADSVOLD, Defendant
and Appellant.

Cr. No. 890382.

Supreme Court of North Dakota.

June 1, 1990.

James F. Twomey, Asst. State's Atty., Fargo, for plaintiff and appellee.

Richard D. Varriano, Moorhead, Minn., for defendant and appellant.

VANDE WALLE, Justice.

Eric J. Stadsvold appealed from a criminal judgment which found him guilty of operating a motor vehicle while under the influence of alcohol (DUI) in violation of NDCC § 39–08–01. Stadsvold contends that the authorities did not have a sufficient reasonable and articulable suspicion for stopping his vehicle. We affirm.

At approximately 1:30 a.m. on September 27, 1989, Stadsvold and a friend were parked near the Sheyenne Maple Dam on the side of a township road located south of Cass County highway 20. Cass County Deputy Sheriff Christopher Denis was on duty that evening and was traveling westbound on Cass County highway 20. Deputy Denis observed Stadsvold's vehicle move northbound on the township road "for a short distance of time" before its headlights came on. Denis considered stopping the vehicle and citing Stadsvold for operating a motor vehicle after dark without headlights. *See* NDCC § 39–21–01.

Stadsvold's vehicle eventually stopped for a yield sign at the intersection of the township road and Cass County highway 20. As Deputy Denis approached the intersection he ran a police check on Stadsvold's license plate numbers, turned sharply in the intersection without activating his signal lights or overhead stopping lights, and stopped his patrol car in a position parallel to and within two feet of Stadsvold's ve-

hicle. Denis testified he believed that Stadsvold wished to speak to him because Stadsvold had been rolling down his driver's side window when Denis entered the intersection. After Denis rolled down the window of his patrol car, he observed that Stadsvold had slurred speech, red eyes, and smelled of alcohol. Stadsvold was placed under arrest and charged with DUI.

Stadsvold moved to suppress all evidence obtained by the State because it was obtained as a "result of an unlawful vehicular stop and seizure." The county court denied Stadsvold's motion, finding that the Deputy's actions of pulling alongside Stadsvold's vehicle did not constitute a stop or "seizure" because the deputy did not restrain Stadsvold's liberty or freedom of movement by means of physical force or a show of authority, and that the Deputy's subsequent observations caused him to form an articulable suspicion that the defendant was involved in criminal activity. The trial court also found that, even if the facts constituted a stop or seizure, the Deputy had a reasonable and articulable suspicion for making an investigative stop because of Stadsvold's operation of the vehicle without headlights in violation of NDCC § 39–21–01. Stadsvold entered a conditional plea of guilty pursuant to Rule 11(a)(2), NDRCrimP.

On appeal, Stadsvold contends that: (1) the trial court erred in determining that there was not a stop of his vehicle by Deputy Denis and that he was at all times free to leave; and (2) that the trial court further erred in determining that a minor motor vehicle violation constituted a reasonable and articulable suspicion to make an investigatory stop of the vehicle.

We need not discuss the first issue raised by Stadsvold because, even if we assume for purposes of this appeal that his argument is correct, we conclude that the trial court did not err in determining that the traffic violation provided Deputy Denis with a reasonable and articulable suspicion to stop his vehicle.

An officer must have a reasonable and articulable suspicion that a motorist has violated or is violating the law in order to make a legal investigative stop of the vehicle. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *State v. Rodriguez*, 454 N.W.2d 726 (N.D. 1990); *State v. Beyer*, 441 N.W.2d 919 (N.D.1989). The factual basis for stopping a vehicle can, but need not always, arise from an officer's personal observation or knowledge. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *State v. Rodriguez, supra; State v. Lykken*, 406 N.W.2d 664 (N.D.1987). It is well settled that traffic violations, even if considered common or minor, constitute prohibited conduct and, therefore, provide officers with requisite suspicion for conducting investigatory stops.[1] *See, e.g., United States v. Fouche*, 776 F.2d 1398 (9th Cir. 1985) [regardless of how common defendant's traffic violations were, they constituted criminal conduct and, standing alone, provided founded suspicion for investigatory stop]; *United States v. Thompson*, 597 F.2d 187 (9th Cir.1979) [having witnessed violations of traffic laws, officers were justified in conducting an investigatory stop]; *United States v. Montgomery*, 561 F.2d 875 (D.C.Cir.1977) [police may make an investigatory stop of a vehicle when an infraction of the motor vehicle code is seen or suspected].

In the instant case, Deputy Denis observed Stadsvold's vehicle travel for a short distance of time without its headlights on at night in violation of NDCC § 39–21–01, and Denis was considering issuing Stadsvold a citation at the time the vehicles met at the intersection. Because Stadsvold's violation of the motor vehicle code was a sufficient reason for Denis to conduct an investigatory stop, the judg-

---

1. Indeed, this Court has approved of police investigatory stops based upon a variety of common traffic violations. *See e.g., State v. Goeman*, 431 N.W.2d 290 (N.D.1988) [defendant stopped his car at a green light]; *State v. VandeHoven*, 388 N.W.2d 857 (N.D.1986) [defendant crossed over centerline of highway]; *State v. Placek*, 386 N.W.2d 36 (N.D.1986) [driver used hand signals instead of turn signals; officer observed no operating rear lights on vehicle]; *State v. Klevgaard*, 306 N.W.2d 185 (N.D.1981) [defendant speeding].

ment and order denying suppression are affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.