**Perry Ernest WOLF, Plaintiff and Appellant,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

Civ. No. 940075.

Supreme Court of North Dakota.

Oct. 27, 1994.

Irvin B. Nodland, P.C., Bismarck, for plaintiff and appellant; argued by Chad Nodland.

Carmen G. Miller (argued), Asst. Atty. Gen., Bismarck, for defendant and appellee.

MESCHKE, Justice.

Perry Wolf appeals from a district court judgment affirming an administrative suspension of his driver's license due to intoxicated driving. We hold that excessive engine noise gave an officer reasonable suspicion for an investigative stop, and we affirm.

One September night in 1993, near 1:40 a.m., Highway Patrolman Rick Richard was

out of his patrolcar on a rural stretch of highway north of Beulah. Richard "heard a vehicle exhibiting a real loud exhaust noise, and it seemed to be accelerating rapidly." "[A]s the vehicles passed us I noticed there was a loud popping noise . . . which indicated to me that the blue vehicle was decelerating, and I interpreted that to be the vehicle that had projected the earlier indicated engine noise." Richard equated what he heard with exhibition driving, went after the vehicle driven by Wolf, and stopped him.

When Richard queried Wolf, he replied that he had "stomped on the gas and racked his pipes a little," meaning Wolf created extra engine noise. During the stop, Richard smelled alcohol on Wolf's breath, noticed unopened beer bottles behind the driver's seat, and saw an open can of beer next to a front-seat passenger. Wolf admitted drinking five or six beers. Richard administered field sobriety tests, gave an Alco–Sensor breath test, and arrested Wolf. Wolf consented to a test that reported his 0.14 percent blood-alcohol content.

Wolf's license was administratively suspended for 365 days, and Wolf appealed to the district court. Wolf principally argued that the stop for noise was simply pretextual, so the officer lacked any reasonable suspicion to stop him. The district court affirmed the hearing officer's decision that the police officer had a reasonable and articulable suspicion for the stop of Wolf's car, "supported by the evidence of the loud acceleration and [deceleration]" and "by a preponderance of the evidence," although Wolf was not charged with exhibition driving.

In this appeal from the district court, Wolf continues to argue that it was unreasonable for the officer to believe that he was disturbing the peace by loud engine noise from rapid acceleration, since it occurred in a rural area with no one around. Wolf thus asserts that the officer used the pretext of noise to improperly stop his car to investigate something else, and that the officer had no real suspicion that Wolf violated any law. We disagree.

■ The Administrative Agencies Practice Act, NDCC Chapter 28–32, limits our review of a driver's license suspension to the record before the administrative agency rather than the decision of the district court. *Samdahl v. North Dakota Dep't of Transp. Director,* 518 N.W.2d 714, 716 (N.D.1994). On appeal, the decision of the agency must be affirmed "(1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; (3) if the decision is supported by the conclusions of law; and (4) if the decision is in accordance with law." *Id.*

Wolf claims that Richard stopped his car on a pretext, without a reasonable ground for suspicion. "An arrest is pretextual when the police use the fact of an arrest based on probable cause as a device to investigate or search for evidence of an offense for which probable cause is lacking." *State v. Kunkel,* 455 N.W.2d 208, 210 (N.D.1990), citing *United States v. Trigg,* 878 F.2d 1037 (7th Cir. 1989). Like pretextual probable cause to arrest, pretextual reasonable suspicion to stop is largely a factual matter. As *Samdahl* explained, 518 N.W.2d at 716, "[t]his court exercises restraint when it reviews the findings of an administrative agency; we do not substitute our judgment for that of the agency, but instead determine whether a reasonable mind could have determined that the factual conclusions were proven by the weight of the evidence presented."

■ Wolf reinforces his argument with the fact that he was not charged with exhibition driving, the conduct identified for stopping him. However, when someone is stopped for a minor traffic violation, nothing blocks the officer from charging the driver with a more serious traffic violation identified during the stop. *State v. Klevgaard,* 306 N.W.2d 185, 192 n. 9a (N.D.1981), explained the reason why this is so: "If this were not permissible all criminal prosecutions would have to be based upon the first impressions received by the arresting officer, which would produce a ridiculous result."

Wolf claims that it was impossible for him to have committed a violation by noisy driving, since a necessary element of exhibition driving is disturbing the peace. Since he was driving on a rural highway, where there was no one whose peace could be disturbed

except the officer, he committed no traffic violation.

■ The definition of exhibition driving has an element of disturbing the peace:

"Exhibition driving" means driving a vehicle in a manner which disturbs the peace by creating or causing unnecessary engine noise, tire squeal, skid, or slide upon acceleration or braking; or driving and executing or attempting one or a series of unnecessary abrupt turns.

NDCC 39–08–03.1(2)(b). Still, the statute directs that "[n]o person may engage in exhibition driving of any vehicle on a highway, street, alley, sidewalk, or any public or private parking lot or area. . . ." NDCC 39–08–03.1(1). The statute does not confine the violation to a residential vicinity.

In the related context of the offense of disorderly conduct, we have observed that "any person who provokes a breach of the peace or whose conduct is such as to annoy, disturb, interfere with, obstruct, or be offensive to others to a degree whereby a breach of the peace may be occasioned, is guilty . . . even though such conduct is offensive to only one person." *City of Bismarck v. Travis,* 154 N.W.2d 918, 923 (N.D.1967). For exhibition driving too, a driver can violate the law if the peace of only one person is disturbed by excessive engine noise. After all, a police officer is not simply an emotionless, faceless enforcer, but is also a person whose peace is important since he represents the public. Moreover, the evidence here is equivocal whether there were other people in the vicinity.

Wolf cites *City of Bismarck v. Schoppert,* 469 N.W.2d 808 (N.D.1991), to say that police officers should have an elevated tolerance when dealing with infractions of the law directed at them. But *Schoppert* said only that an officer should have greater tolerance for insults, not for traffic violations. Concerning excessive noise, we explained in a parallel criminal case, *State v. Beyer,* 441 N.W.2d 919, 922 (N.D.1989): "To adjudge excessive or unusual noise, officers must rely on their sense of hearing just as they must rely on their sense of sight for speeding violations or their sense of smell for DUI violations."

Every driver should reasonably understand the noise level acceptable while operating a vehicle and the necessity that the vehicle be equipped with an adequate muffler and exhaust system. *Beyer* at 922. A driver should be reasonably aware that a vehicle with excessive or unusual noise will violate traffic laws. *Id.;* NDCC 39–21–37 (every vehicle must have a muffler in good working order and in constant operation "to prevent excessive or unusual noise"). In fact, Wolf told the officer that he purposely "racked his pipes" to make extra noise.

■ A police officer's reasonable and articulable suspicion of unlawful conduct for a stop "is determined according to the information known to the officer at the time of the stop." *State v. Robertsdahl,* 512 N.W.2d 427, 428 (N.D.1994). An officer has sufficient suspicion to stop a vehicle when it is "making excessive or unusual noise in violation of the law." *Beyer* at 922–23. This officer "heard a vehicle exhibiting a real loud exhaust noise, and it seemed to be accelerating rapidly" and "noticed there was a loud popping noise" when the vehicle slowed. This evidence supports the administrative finding that the officer had a reasonable and articulable suspicion to stop Wolf's car for a traffic violation.

If a tree falls in the forest, and nobody is there to hear it, does it make any sound? If a car makes excessive noise, and only a police officer hears it, is the peace disturbed? The first question is an enigma, but the second we can answer: The noise permits an investigative stop by the officer.

The administrative suspension and the judgment of the district court are affirmed.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.