**CITY OF WAHPETON, Plaintiff and Appellant,**

v.

**Robert A. ROLES, Defendant and Appellee.**

Cr. No. 940142.

Supreme Court of North Dakota.

Dec. 2, 1994.

Linda L. Hickman (argued), Asst. City Atty., Wahpeton, for plaintiff and appellant.

Don R. Krassin (argued), Wahpeton, for defendant and appellee.

MESCHKE, Justice.

The City of Wahpeton appeals from an order suppressing evidence in the prosecution of Robert Roles for driving under the influence of alcohol (DUI). We reverse.

One November night in 1993, Wahpeton Police Officers Jeff Schwartz and Sheldon Griess, working together, investigated a re-

port of someone driving on the golf course. Schwartz remained in the patrol car while Griess started across the golf course on foot. While walking, Griess "heard a loud engine noise" and radioed Schwartz "that a vehicle was really getting on it and appeared to be coming towards me on . . . what I believe to be 16th Avenue." Foregoing his golf course trek, Griess turned back toward 16th Avenue and saw Roles' pickup slowing at the stop sign. When Roles' pickup slowed, Griess heard the engine noise decrease.

By radio, Griess reported the noisy pickup to Schwartz, who was driving near the intersection. Griess testified that the only other vehicle in the vicinity, that could have been noisy, was at least five blocks away. According to Griess, the engine noise corresponded with the direction and speed of Roles' pickup.

Schwartz had not heard the pickup, because he was inside the police car with a radio on and windows up. While driving to the intersection, though, Schwartz saw Roles' pickup roll through and stop halfway past the stop sign. As Roles left the intersection, Schwartz circled behind the pickup, turned on flashing red lights, and stopped Roles. Schwartz intended to warn Roles about making engine noise and ignoring the stop sign, but did not intend to cite Roles for traffic violations. While talking to Roles, Schwartz smelled alcohol. Roles admitted drinking liquor, and Schwartz arrested him for DUI.

At an administrative hearing to suspend Roles' license, where the officers testified, Roles claimed that he came to a full stop at the sign and that, since the dual exhausts were louder than normal on his old and temperamental pickup, it would stall if he tried to accelerate. To corroborate that, Roles related that Griess could not start his pickup to drive it away after Roles was arrested. Roles also testified that there were other noisy vehicles operating several blocks away. The hearing officer found that, because Schwartz himself had not heard the excessive noise, he had "an insufficient basis for the stop." Accordingly, the hearing officer refused to suspend Roles' license.

However, the City of Wahpeton charged Roles with DUI. Using a transcript of the administrative hearing for an evidentiary

record, acquiesced in by the City, Roles moved to dismiss the DUI charge. The trial court ruled that a motion to dismiss was inappropriate, treated it as one to suppress evidence, and granted suppression of all evidence obtained by the stop.

The trial court decided that the stop was unreasonable. The court gave a contradictory explanation:

It is clear that officer Schwartz did not hear the alleged engine noise, that might constitute a violation of the exhibition driving ordinance. It is noted that Griess did not request or direct Schwartz to stop the Roles' vehicle. He made the decision on his own. The claim that a stop sign violation took place is not persuasive. The testimony indicates no real violation took place and that standing alone no citation would have been issued. I conclude there was not reasonable suspicion of a violation based solely upon Officer Schwartz's independent observation. Likewise, the stopping of the vehicle to issue a warning, as testified, "stop the individual and have a safety talk with him", was not valid. . . . I find facts to be that the stop was made on Officer Schwartz's reliance on the information radioed to him by Griess. . . . Only information communicated to Schwartz can be used to establish a law violation, or a suspicion thereof. Summarized, that information was, "heard loud engine noise", "a vehicle was really getting on it", "that the vehicle that I believed making the noise was . . . right beside him". This is all the information Schwartz had to determine a violation had, or was, taking place. The facts do not support a conclusion that the information received by Schwartz was such as to believe that a law had been violated. As discussed in *Miller*, supra, an officer can rely on information communicated from a fellow officer, but such information must provide the reasonable suspicion required, when the communicating officer does not request or direct the stop.

This explanation indicates that, like the administrative hearing officer, the trial court ruled, since Griess did not ask Schwartz to stop Roles, Schwartz could not use the information relayed by Griess to make the stop.

On appeal, the City asserts that both the engine noise and the stop-sign conduct warranted the stop by Schwartz that led to the DUI evidence. Because the trial court was confused about the effect of communications between officers working together, we agree.

■ For a valid investigative stop, an officer must have a reasonable and articulable suspicion that a violation had occurred or was about to occur in order to stop a moving vehicle. *State v. Miller*, 510 N.W.2d 638, 640 (N.D.1994). When officers work together closely, they can rely on information from each other. *Id.* at 644, n. 1. In this case, we believe the trial court misunderstood *Miller*, and made its findings under a misapprehension about the effect of first-hand information exchanged by officers working together. *See State v. Saavedra*, 406 N.W.2d 667, 669 (N.D. 1987) (clearly erroneous standard applies to review of finding of fact in criminal cases); *Matter of Guardianship of Nelson*, 519 N.W.2d 15, 17 (N.D.1994) ("A finding of fact is clearly erroneous if it is induced by an erroneous view of the law...."). Because the trial court made its findings with a mistaken view of the law about the exchange of first-hand observations between police officers working together, we reverse.

■ When a vehicle makes excessive noise, an officer has reasonable suspicion to make an investigative stop of that vehicle. *Wolf v. North Dakota Dep't of Transp.*, 523 N.W.2d 545, 545 (N.D.1994) citing *State v. Beyer*, 441 N.W.2d 919, 922–23 (N.D.1989). Roles admitted that his truck had a louder than normal exhaust. As a licensed driver, Roles is charged with knowledge that excessive engine noise is a traffic violation. *Id.* at 547. Schwartz stopped Roles in reliance on direct information about Roles' noisy pickup, heard by his nearby fellow officer and communicated to him. As we wrote in *Wolf*, an investigative stop for excessive engine noise is reasonable.

■ Roles really argues that the trial court was correct in finding that, since Schwartz did not personally hear the engine noise from Roles' vehicle, Schwartz lacked reasonable grounds to stop it. Unlike the unverified information relayed from an unidentified informant, that was discussed in *Miller*, 510 N.W.2d 638, officers who are working together can relay information to each other, and each can act upon it. Where one officer requests another to take action but does not inform him of the underlying facts, the knowledge of the first officer is imputed to the second, and a valid seizure may be made. *Miller*, 510 N.W.2d at 643. Even without a request by one officer to another for action, first-hand information that is relayed by one officer to another can be employed by the second officer for his action. *Id.*

■ This case involves the latter situation. Here, no directive was given, but specific information was. The reason to stop a vehicle need not come solely from the stopping officer's own observations, but can come from another officer. *State v. Nelson*, 488 N.W.2d 600, 602 (N.D.1992). "The collective information of law enforcement personnel, known by or transmitted to the stopping officer, must be considered to assess whether a stop is reasonable under the Fourth Amendment." *Id.*

■ In *Nelson*, one officer saw a man walking that he believed was intoxicated, and he radioed that observation to his partner, who was on foot. His partner identified the man, agreed he was intoxicated, and saw him get into his truck. The second officer radioed back that the man was driving away. We held that the second officer's communication, combined with the direct observations of the first officer, gave the first officer a reasonable suspicion to stop the driver for DUI, without observing any other misconduct. *Id.* at 604–05. A police officer is entitled to stop a vehicle based partly on information from another officer, if the receiving officer has, altogether, a reasonable suspicion of a traffic violation. *Nelson*, 488 N.W.2d at 603, citing *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). Here, Schwartz properly used the direct information received from Griess to stop Roles.

■ The City also argues that Roles' conduct in rolling through the stop sign gave Schwartz added reason to stop Roles. "It is well settled that traffic violations, even if

considered common or minor, constitute prohibited conduct and, therefore, provide officers with requisite suspicion for conducting investigatory stops." *State v. Stadsvold,* 456 N.W.2d 295, 296 (N.D.1990). Schwartz saw Roles' pickup roll past the stop sign. *See* NDCC 39-10-24(2) ("every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it"). Roles' conduct at the stop sign, directly observed by Schwartz, was a valid reason for Schwartz to stop the pickup, even if he only intended to warn, rather than to cite or arrest.

We conclude that the trial court was mistaken in ruling that Schwartz could not act on direct information relayed to him by his associate. In addition, Schwartz had directly observed a minor traffic infraction. We reverse the order suppressing evidence and remand for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.