STATE of North Dakota, Plaintiff and Appellee,

v.

Richard Allan GRAVEN, Defendant and Appellant.

Cr. No. 940330.

Supreme Court of North Dakota.

April 13, 1995.

Alan Scott Dohrmann (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

C. Charles Chinquist (argued), Fargo, for defendant and appellant.

LEVINE, Justice.

Richard Allan Graven appeals from a trial court order denying his motion to suppress evidence that he was operating a motor vehicle when he had a blood alcohol content in excess of .10 percent, in violation of Section 39–08–01(1), N.D.C.C. In support of his motion to suppress evidence, Graven asserted the law enforcement officer's stop of his vehicle was unlawful. We hold that it was lawful, and we affirm the order denying Graven's motion to suppress evidence.

The facts in this case are not in dispute. About 2:00 a.m., on July 11, 1994, an anonymous tip by a truck driver was transmitted over state radio, that a late model black pickup was traveling east on a frontage road parallel to Interstate 94, whose driver might be under the influence of alcohol. Highway Patrolman Duane Stanley heard the transmission from his Fargo location and proceeded west on Interstate 94 to locate the suspect's vehicle. Gerald Barnes, the Casselton Chief of Police, also heard the radio transmission and responded by traveling east on Interstate 94. Officer Barnes first located the black pickup as it was traveling along the frontage road. At the Kindred exchange, the pickup entered Interstate 94 eastbound, and Barnes followed the pickup for about a mile. During that time, he observed the pickup swerve into the "parking side" or "emergency lane" two or three times and then back onto the highway. Barnes testified that once the "whole pickup" crossed into the emergency lane before swerving back onto the highway. Barnes radioed to Patrolman Stanley that he had the black pickup in sight. Stanley then told Barnes to "pull him over." Barnes stopped Graven's vehicle, and within two minutes, Stanley arrived at the scene. After speaking with Barnes, Stanley took over the investigation and ultimately arrested Graven.

Graven moved to suppress evidence, asserting Barnes was outside his jurisdictional authority when he made the stop and did not have an articulable and reasonable suspicion to make the stop. The trial court denied the motion. Graven then pleaded guilty, reserving his right to appeal from the trial court's order denying the motion to suppress. The trial court accepted the guilty plea, imposed a fine, and sentenced Graven to serve 30 days in county jail, suspended for one year. Graven appealed from the order denying his motion to suppress evidence.

■ The trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. *City of Fargo v. Thompson*, 520 N.W.2d 578 (N.D.1994).

■ The State concedes that Officer Barnes' observation and stop of Graven's vehicle occurred outside Barnes' geographical jurisdiction as the Casselton Chief of Police. *See* Subsection 40–20–05(1), N.D.C.C. However, the State asserts Barnes was vested

with jurisdiction under Subsection 44–08–20(3), N.D.C.C., by Patrolman Stanley's request for Barnes' assistance in stopping the suspect's vehicle:

> "44–08–20. *Additional powers of peace officers.* Peace officers employed by a law enforcement agency within the state have the power of a peace officer in the following circumstances:
>
> \*   \*   \*   \*   \*   \*
>
> "3. When responding to requests from other law enforcement agencies or officers for aid and assistance. For the purposes of this subsection, such a request from a law enforcement agency or officer means only a request for assistance as to a particular and singular violation or suspicion of violation of law, and does not constitute a continuous request for assistance outside the purview of the jurisdiction of the law enforcement agency by which a peace officer is employed."

We agree with the trial court's conclusion that Officer Barnes was responding to a request for assistance from Patrolman Stanley and, therefore, was vested with authority under Subsection 44–08–20(3), N.D.C.C., even though Barnes was acting outside his territorial jurisdiction. Stanley's request for Barnes to "pull him over" constituted a request for assistance, vesting Barnes with authority under the statute. *See also State v. Beilke,* 489 N.W.2d 589, 593 (N.D.1992) (Section 44–08–20, N.D.C.C., authorizes law enforcement officers to request assistance from other law enforcement officers in a particular instance).

■ To make a legal investigative stop of a vehicle, an officer must have a reasonable and articulable suspicion that the motorist has violated or is violating the law. *State v. Miller,* 510 N.W.2d 638 (N.D.1994). In evaluating the factual basis for a stop, we consider the totality of the circumstances. *Geiger v. Backes,* 444 N.W.2d 692 (N.D.1989). The collective information of law enforcement personnel, known by or transmitted to the stopping officer, must be considered in assessing whether a stop is reasonable. *City of Wahpeton v. Roles,* 524 N.W.2d 598 (N.D. 1994).

■ Graven concedes that Barnes' observations of Graven's vehicle swerving several times between the driving lane and highway shoulder could provide an articulable and reasonable suspicion of a law violation to make a valid stop. *See State v. Woytassek,* 491 N.W.2d 709 (N.D.1992). However, Graven asserts that Barnes' stop was invalid, because Barnes' observations occurred prior to Stanley's request for assistance and, therefore, those observations cannot be considered in determining whether Barnes had a sufficient basis to make the stop. At best, this argument is sophistic. The fact that Barnes' observations occurred shortly before Stanley requested his assistance, does not make Barnes' observations less relevant to whether he had a reasonable suspicion to make the stop. Graven has offered neither law nor logic to explain why "private citizen" Barnes' personal observations of Graven's vehicle did not give "law officer" Barnes grounds to stop the vehicle.

Patrolman Stanley's request for assistance bestowed jurisdiction upon Barnes to act in a law enforcement capacity under Subsection 44–08–20(3), N.D.C.C. By that time, Barnes' personal observations of Graven's vehicle weaving had given him an articulable and reasonable suspicion to make a valid stop. *See, e.g., State v. VandeHoven,* 388 N.W.2d 857 (N.D.1986). We hold there is sufficient competent evidence in this case to support the trial court's denial of Graven's motion to suppress evidence.

ORDER AFFIRMED.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.