STATE of North Dakota, Plaintiff and Appellee

v.

Jacqueline Cerise HAWLEY, Defendant and Appellant.

Cr. No. 950111.

Supreme Court of North Dakota.

Nov. 30, 1995.

Brian D. Grosinger (argued), Assistant State's Attorney, Mandan, for plaintiff and appellee.

Robert W. Martin (argued), Bismarck, for defendant and appellant.

MESCHKE, Justice.

Jacqueline C. Hawley appeals from the denial of her motion to suppress evidence and from her conviction, through her conditional plea of guilty, for actual physical control of a vehicle while under the influence of alcohol. We affirm.

While patrolling about 9:00 p.m. on December 29, 1994, North Dakota Highway Patrol Trooper Lonny Hulm came upon Hawley's pickup parked, with its engine running and lights off, on the eastbound off-ramp of Exit 134 on Interstate 94. The off-ramp was nearly two car-lengths wide but did not have a shoulder. Although traffic could go around the pickup, Hulm testified that it was "blocking part of the off[-]ramp." Hawley testified that half of the pickup was still on the pavement of the off-ramp.

Trooper Hulm pulled up behind the pickup, took a few minutes to check its license number by radio, and then activated his patrol car's overhead lights. The pickup's exterior lights then came on. Hulm left his car, approached the pickup, and asked Hawley "if everything was okay." When Hawley responded that she and a passenger had "stopped to take a bathroom break," Hulm detected the odor of alcohol. After further investigation, Hulm arrested Hawley for actual physical control.

Hawley moved to suppress the evidence and dismiss the charge, alleging that Hulm lacked a reasonable and articulable suspicion for making the stop. The trial court denied the motion, finding that a Fourth Amendment seizure had not occurred before Hulm smelled the alcohol, and that Hulm was engaged in a "community caretaking function" when he approached the pickup on foot. Hawley conditionally pleaded guilty under NDRCrimP 11(a)(2), reserving her right to appeal the denial of suppression.

**392**

We have "recognized three tiers of law enforcement-citizen encounters: (1) arrests, which must be supported by probable cause; (2) '*Terry*' stops, seizures which must be supported by a reasonable and articulable suspicion of criminal activity; and (3) community caretaking encounters, which do not constitute Fourth Amendment seizures." *State v. Halfmann*, 518 N.W.2d 729, 730 (N.D.1994). Hawley postulates that Hulm lacked a reasonable and articulable suspicion for this "investigatory" stop. Assuming it was not a valid stop, Hawley also strains to argue that there were no "indicia of distress" to "justify a community caretaking" encounter, either. We do not reach the latter argument because we conclude that Hulm had a reasonable and articulable suspicion of a parking violation.

▪ We affirm a trial court's decision on a motion to suppress unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless we conclude the decision goes against the manifest weight of the evidence. *State v. Graven*, 530 N.W.2d 328, 329 (N.D.1995). While we defer to the trial court's findings of fact, questions of law are fully reviewable. *State v. Zimmerman*, 529 N.W.2d 171, 173 (N.D.1995); *see also State v. Ova*, 539 N.W.2d 857 (N.D.1995). As we explained in *Salter v. North Dakota Dep't of Transp.*, 505 N.W.2d 111, 112 (N.D.1993), the "ultimate conclusion" of whether the facts support a reasonable and articulable suspicion is fully reviewable on appeal.

▪ In deciding that a Fourth Amendment seizure did not occur, the trial court relied on *Halfmann*. Hawley argues that *Halfmann* does not apply because the officer in *Halfmann* used his patrol car's amber lights as a traffic-control measure, and because Halfmann did not argue that her liberty was restrained in any way. By contrast, there is some evidence here that Hulm used his car's red and blue flashing lights, and Hawley testified that she did not feel free to go after Hulm turned on his flashers. As in *Borowicz v. North Dakota Dep't of Transp.*, 529 N.W.2d 186, 188 (N.D.1995), however, "it is not necessary to decide whether a Fourth Amendment 'stop' occurred" because, even if Hulm made an investigative stop, he had reasonable grounds to investigate the parked vehicle.

▪ For an investigative stop, an officer must have a reasonable and articulable suspicion that a law has been, or is being, violated. *Graven*, 530 N.W.2d at 330. The reasonable and articulable suspicion standard "requires less than probable cause but more than a mere hunch." *State v. Brown*, 509 N.W.2d 69, 71 (N.D.1993). As we explained in *State v. Sarhegyi*, 492 N.W.2d 284, 286 (N.D.1992) (quoting *State v. Indvik*, 382 N.W.2d 623, 627 (N.D.1986)), "the standard is an objective one in that the trier of fact asks 'whether or not a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in' " a violation of law.

Hawley urges that "[t]his case is somewhat unique ... in that the arresting officer is extremely forthright that he had no suspicion of illegal activity whatsoever when he activated his overhead lights." Hawley asserts that "Hulm had no objective evidence that [she] was engaged in or about to engage in illegal activity of any sort" and that there is "no evidence of any vehicular violations." We disagree.

▪ Trooper Hulm candidly admitted that he did not form any suspicions of criminal activity, and that he believed he was acting in a community caretaker role. However, the reasonable-and-articulable-suspicion standard is objective, and it does not hinge upon the subjective beliefs of the arresting officer. *State v. Smith*, 452 N.W.2d 86, 88 (N.D.1990); *see also Maryland v. Macon*, 472 U.S. 463, 470–71, 105 S.Ct. 2778, 2782–83, 86 L.Ed.2d 370 (1985) ("Whether a Fourth Amendment violation has occurred 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' *Scott v. United States*, 436 U.S. 128, 136, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978), and not on the officer's actual state of mind at the time the challenged action was taken."); *Ova*, 539 N.W.2d at 859 ("We use an objective standard to determine whether an investigative

stop is valid and look to the totality of the circumstances."). Thus, Hulm had a reasonable and articulable suspicion here, irrespective of his own belief, if there was an "objective manifestation" to lead a reasonable person in Hulm's position to believe that a traffic violation may be taking place.

 All traffic violations, "even if considered common or minor, constitute prohibited conduct" and meet the required suspicion for an investigative stop. *State v. Stadsvold*, 456 N.W.2d 295, 296 (N.D.1990). Related to this case, NDCC 39–10–47(1) directs:

> Upon any highway outside of a business or residence district no person may stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway of not less than twelve feet [3.66 meters] opposite a standing vehicle must be left for the free passage of other vehicles and a clear view of such stopped vehicles must be available from a distance of two hundred feet [60.96 meters] in each direction upon such highway.

*See State v. Guthmiller*, 499 N.W.2d 590 (N.D.1993) (prolonged "hesitation" on off-ramp under NDCC 39–10–47(1), coupled with anonymous tip, enough for investigation). Here, Hawley parked her pickup with its lights off on a narrow exit-ramp of a high-speed highway, in a way that partially blocked traffic. A pickup parked, without lights where it should not be, is enough of an "objective manifestation" to cause a reasonable person to suspect that it may be illegally parked.

In denying Hawley's motion to suppress, the trial court decided that a Fourth Amendment seizure did not occur. But it is unnecessary to decide whether a seizure actually occurred here; a reasonable and articulable suspicion justified Trooper Hulm's investigation in any event. This conclusion leads us to affirm the trial court's denial of Hawley's motion to suppress.

Therefore, the conviction is affirmed.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.