**STATE of North Dakota, Plaintiff and Appellee**

v.

**Patrick Michael BURRIS, Defendant and Appellant**

**Criminal No. 950327.**

Supreme Court of North Dakota.

March 19, 1996.

David T. Jones (argued), Assistant State's Attorney, Grand Forks, for plaintiff and appellee.

Thomas B. Jelliff (argued), Grand Forks, for defendant and appellant.

MESCHKE, Justice.

Patrick Michael Burris appeals from the denial of his motion to suppress evidence and from his conviction, through a conditional guilty plea, for driving under the influence of alcohol. We affirm.

Near 2:00 a.m. on January 15, 1995, North Dakota Highway Patrol Trooper Dennis Pengilly observed Burris's pickup entering I–29 at Exit 145. By the time Pengilly also entered I–29 and accelerated to sixty-five miles per hour, Burris was about three-quarters of a mile ahead of him. Pengilly later testified that Burris appeared to be traveling about fifty-five miles per hour, or about ten miles per hour below the posted speed limit. Pengilly said he closed to within about 200 yards of Burris's pickup, from where he saw it

> being driven over the fog line by several feet, two to three feet. The vehicle continued to drive over the fog line for several hundred yards. The vehicle pulled back over into his own lane of traffic and then pulled back over the fog line again on the right side of the road, and then I activated my red lights.

Pengilly testified that he saw Burris cross the fog line around mile-marker 143, and that he stopped Burris at mile-marker 142. Pengilly eventually charged Burris with violating NDCC 39–08–01 by driving under the influence of alcohol or with a blood-alcohol concentration of 0.10% or greater.

Burris moved to suppress the evidence from the stop, arguing that Pengilly did not have a reasonable and articulable suspicion to stop him. The trial court denied suppression, finding that Pengilly had a

> reasonable and articulable suspicion that [Burris] had violated or was violating the law. This suspicion was based upon a totality of circumstances to include the

time of driving, that [Burris] was driving at a speed limit 10 mph under the posted limit, and that [Pengilly] did not stop [Burris] when [he] first crossed the fog line but rather, observed [Burris] again cross the line and then effected the stop.

Burris conditionally pled guilty under NDRCrimP 11(a)(2), reserving his right to appeal the denial of suppression.

■ "For an investigative stop, an officer must have a reasonable and articulable suspicion that a law has been, or is being, violated." *State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995). Burris does not dispute that Pengilly could have formed a reasonable and articulable suspicion, thereby justifying the stop under the Fourth Amendment, if he had seen Burris's pickup cross the fog line twice. *See Johnson v. North Dakota Dep't of Transp.*, 530 N.W.2d 359 (N.D.1995); *State v. Zimmerman*, 516 N.W.2d 638 (N.D.1994); *see also* NDCC 39–10–17(1) ("A vehicle must be driven as nearly as practicable entirely within a single lane...."). Instead, Burris argues that Pengilly's testimony, that he was within 200 yards of Burris's pickup when he first saw it cross the fog line near mile-marker 143, "defies all laws of mathematics and physics." Contending that Pengilly could not have witnessed the alleged conduct, Burris argues that Pengilly thus lacked a reasonable and articulable suspicion for the stop.

Burris stresses that, if Pengilly, traveling sixty-five miles per hour, entered I–29 three-quarters of a mile behind Burris, who was traveling fifty-five miles per hour, Pengilly would not have caught up to Burris in the two miles between Exit 145 and mile-marker 143. To close the distance to 200 yards, Burris contends that "Pengilly would have had to have been driving his patrol car in excess of 100 m.p.h. from the moment he entered" I–29. Because Pengilly "never testified that he increased his speed [from sixty-five miles per hour] to catch up to [Burris's] vehicle," Burris asserts that Pengilly would have been "approximately 1500 to 1600 yards behind" Burris at mile-marker 143, and that Pengilly could not have seen Burris's vehicle cross the fog line from this distance at night.

Our standard of review on credibility instructs us to "defer to the trial court's 'superior opportunity to ... judge the credibility of the witness.'" *State v. Konewko*, 529 N.W.2d 861, 863 (N.D.1995) (citing *State v. Halfmann*, 518 N.W.2d 729, 730 (N.D. 1994)). As we explained in *State v. Zimmerman*, 529 N.W.2d 171, 173 (N.D.1995), a "trial court's findings of fact in preliminary proceedings of a criminal case will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence."

Burris presented his argument to the trial court at the suppression hearing. However, the court chose to believe Pengilly's testimony that he observed Burris's pickup twice cross the fog line before the stop, and specifically found that these observations were a basis for Pengilly's reasonable and articulable suspicion. In making this finding, the trial court could reasonably have concluded that Pengilly was a credible witness, but that he had incorrectly estimated the speed of Burris's pickup, or the initial distance between the two vehicles.

There was sufficient "competent evidence" to support the trial court's finding that Pengilly had a reasonable and articulable suspicion, based on his observation of Burris's erratic driving, and this finding is not "contrary to the manifest weight of the evidence." *Zimmerman*, 529 N.W.2d at 173. Therefore, we affirm Burris's conviction.

VANDE WALLE, C.J., SANDSTROM and NEUMANN, JJ., and BERYL J. LEVINE, Surrogate Judge, concur.