STATE of North Dakota, Plaintiff and Appellee,

v.

Theodore GAHNER, Jr., Defendant and Appellant.

Criminal No. 960136.

Supreme Court of North Dakota.

Oct. 22, 1996.

Gerald A. Kuhn, State's Attorney, Napoleon, for plaintiff and appellee. Submitted on brief.

James A. Wentz of Kropp Law Office, Jamestown, for defendant and appellant. Submitted on brief.

MESCHKE, Justice.

Theodore Gahner, Jr. appeals from a conviction for actual physical control of a motor vehicle and from the trial court's denial of his motion to suppress evidence. We affirm the order denying suppression and the judgment of conviction.

On September 10, 1995, near 1:00 a.m., Officer Paul Olson was on patrol north of Napoleon. As he approached the parking lot of the livestock sales barn, Olson saw a lone car backing up to a parked trailer. Knowing the sales barn was closed, Olson decided to investigate "to make sure the vehicle's not there for illegal purposes, minors drinking, cattle stealing." When Olson's marked patrol car entered the parking lot, the car shut off its lights. Olson parked kitty-corner to the front of the car but did not block it. Olson left his patrol car and approached the car on the driver's side.

Gahner, the driver, opened his window without any direction from Olson. Olson immediately noticed a strong odor of alcohol, and saw that Gahner's eyes were bloodshot and watering. After these observations, Olson asked Gahner to step out of his car. Gahner had very poor balance, and was unable to pass several field sobriety tests given by Olson. Olson then arrested Gahner for actual physical control of a motor vehicle. A blood test of Gahner reported an alcohol content of 0.24 percent by weight.

Before trial, Gahner moved to suppress all evidence on the grounds "that there was no reasonable and articulable suspicion to conduct an investigative stop, there is no probable cause for defendant's arrest and the drawing of the blood sample was done in violation of § 39–20–01." The trial court denied suppression, finding that there was no stop at first and that Olson later had probable cause to arrest Gahner. A jury convicted Gahner.

On appeal, Gahner argues the trial court should have granted his motion to suppress. Gahner contends Olson did in fact make an investigative stop without an articulable suspicion to justify it. Thus, according to Gahner, this stop was an unconstitutional seizure, and the trial court should have suppressed all evidence resulting from it. We disagree.

When we review a trial court's decision on suppression, we defer to its findings of fact and resolve conflicts in testimony in

favor of affirmance. *City of Grand Forks v. Zejdlik,* 551 N.W.2d 772, 774 (N.D.1996). As we said in *State v. Hawley,* 540 N.W.2d 390, 392 (N.D.1995), we will affirm a trial court's decision "unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless we conclude the decision goes against the manifest weight of the evidence." While we defer to the trial court's findings of fact, questions of law are fully reviewable. *Id.* Whether the facts support a reasonable and articulable suspicion is a fully reviewable question of law. *Id.*

 The law distinguishes between approaching an already stopped vehicle and stopping a moving one. *State v. Franklin,* 524 N.W.2d 603, 604 (N.D.1994). We have often explained:

"[I]t is not a seizure for an officer to walk up to and talk to a person in a public place, including a person in a parked car. '[A] policeman's approach to a parked vehicle is not a seizure if the officer inquires of the occupant in a conversational manner, does not order the person to do something, and does not demand a response.' *State v. Langseth,* 492 N.W.2d 298, 300 (N.D.1992), citing *Wibben v. North Dakota State Highway Comm'r,* 413 N.W.2d 329, 334–35 (N.D.1987) (Vande Walle, Justice, concurring). Still as we explained in *Langseth,* if an officer learns something during a public encounter with a person that causes a reasonable suspicion or probable cause, the encounter can justify further investigation, seizure, and even arrest. A public encounter does not foreclose the officer from making observations that reasonably lead to further action."

*Zejdlik,* 551 N.W.2d at 774–75 (quoting *Borowicz v. North Dakota Dept. Of Transp.,* 529 N.W.2d 186, 188 (N.D.1995)). Thus, an initial encounter that does not constitute a seizure may justifiably escalate into a stop if an officer acquires a reasonable suspicion or probable cause.

 Here, the trial court decided Olson's activities did not constitute an unlawful seizure:

[Gahner's] vehicle was not moving at the time that the officer approached the same, and accordingly there was no stop of [Gah-

ner's] vehicle. Further, [Gahner's] vehicle was parked in and upon private property to which the public has access for vehicular use. The arresting officer having knowledge that normal business hours had expired, and that the presence of [Gahner's] vehicle upon said parking lot and during said period of time created an adequate and sufficient basis for the arresting officer to inquire as to the purpose for [Gahner's] vehicle to be parked thereon, and associated activities. That the same constituted a reasonable exercise of the law enforcement officer's responsibilities to secure the person and property of community residents.

We agree with the trial court that Olson's initial approach was a consensual encounter rather than a seizure. Olson did not attempt to exercise any authority over Gahner until he had already observed signs of Gahner's drunken state.

 Olson's encounter with Gahner became a "stop" when Olson asked Gahner to get out of his car and to perform field sobriety tests. *See State v. Steinmetz,* 552 N.W.2d 358, 360 (N.D.1996). For a valid stop, an investigating officer must have a reasonable and articulable suspicion that a law has been or is being violated. *Zejdlik,* 551 N.W.2d at 775. This standard is less stringent than probable cause. *Id.* "'The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential criminal activity.'" *Id.* (quoting *State v. Ova,* 539 N.W.2d 857, 859 (N.D.1995)). Here, Olson smelled a strong odor of alcohol and saw Gahner's bloodshot eyes. We conclude Olson reasonably had an articulable suspicion that Gahner was violating NDCC 39–08–01 through actual physical control of a motor vehicle.

We affirm the order denying suppression and the judgment of conviction.

VANDE WALLE, C.J., and
SANDSTROM, NEUMANN and MARING, JJ., concur.