1997 ND 23

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Sam JESFJELD, Defendant and Appellant.**

**Criminal No. 960217.**

Supreme Court of North Dakota.

Feb. 12, 1997.

Jeff Rotering (argued), Adams County State's Attorney, Hettinger, for plaintiff and appellee.

T.L. Secrest (argued), Hettinger, for defendant and appellant.

MESCHKE, Justice.

[¶ 1] Sam Jesfjeld appeals from a conviction for consumption of alcohol by a person under age 21 and from the trial court's denial of his motion to suppress evidence. We affirm the denial of suppression and the conviction.

[¶ 2] On February 4, 1996, near 1:40 a.m., Deputy Rob Buckmeier was on patrol in Hettinger, when he saw Jesfjeld driving down South Main Street. Buckmeier remembered a note posted in the Sheriff's office indicating Jesfjeld was on probation, and he radioed his office to verify the contents of the note. Officer Marsha Zimmerman had posted the note after talking with a secretary in the juvenile probation office about Jesfjeld's probation status. Officer Mark Zimmerman confirmed to Buckmeier by radio that the note said Jesfjeld was on probation until February 19, and subject to curfew restrictions. Buckmeier suspected Jesfjeld was out past curfew in violation of his probation.

[¶ 3] Buckmeier caught up with Jesfjeld and two others as they were entering an apartment building. The boys did not respond when he asked them to wait, so Buckmeier followed them into the building. Buckmeier saw Jesfjeld entering an apartment on the upper floor and asked him to come downstairs. Buckmeier told Jesfjeld that he thought Jesfjeld was violating his probation, but Jesfjeld said his probation had ended. After Jesfjeld came downstairs, Buckmeier smelled alcohol on Jesfjeld's breath while talking to him. Jesfjeld agreed to blow into an ALERT device, and tested positive for blood-alcohol content. Buckmeier arrested Jesfjeld for consumption of alcohol by a person under legal age.

[¶ 4] Jesfjeld moved to suppress all evidence obtained after Buckmeier stopped him.

At the hearing, Jesfjeld proved he was not on probation on the night of the stop, having been recently released. He argued this made Buckmeier's stop unreasonable, because Buckmeier's belief Jesfjeld was violating his probation had been the only reason for the stop. The trial court denied suppression.

[¶ 5] Jesfjeld conditionally pled guilty, and the trial court entered a judgment of conviction. Jesfjeld appealed from the conviction and the denial of his motion to suppress.

[¶ 6] Jesfjeld argues the evidence of his drinking should have been suppressed because it came from an unreasonable stop on an erroneous suspicion of a probation violation. Jesfjeld contends Buckmeier could not reasonably rely on the erroneous note to stop him. Jesfjeld also argues that the stop was unreasonable because Buckmeier could have verified the correct status of his probation by less intrusive means than an investigatory stop. We disagree.

[¶ 7] In reviewing a trial court's decision on suppression, we defer to its finding of fact and resolve conflicts in testimony in favor of affirmance. *State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995). We will affirm a trial court's decision unless there is insufficient evidence to support the decision or the decision is against the manifest weight of the evidence. *State v. Gahner*, 554 N.W.2d 818, 820 (N.D.1996). While we defer to the trial court's findings of fact, whether the facts support an articulable and reasonable suspicion is a fully reviewable question of law. *Id.*

[¶ 8] For a valid investigatory stop, an officer must have an articulable and reasonable suspicion that a law has been or is being violated. *City of Grand Forks v. Zejdlik*, 551 N.W.2d 772, 775 (N.D.1996). This standard is less stringent than probable cause. *Id.* In *Zejdlik*, *id.* (quoting *State v. Ova*, 539 N.W.2d 857, 859 (N.D.1995)), we reiterated: "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential criminal activity."

[¶ 9] Here, Buckmeier remembered an office notation that Jesfjeld was on probation with curfew restrictions. By itself, that recollection may very well have been enough for a reasonable suspicion that Jesfjeld was out past curfew. But Buckmeier did not rely on his recollection alone and took an extra step to verify the contents of the note. We conclude Buckmeier had an articulable and reasonable suspicion to stop Jesfjeld and investigate further.

[¶ 10] Jesfjeld contends Buckmeier could not reasonably rely on the note because it resulted from an unreasonable mistake by the juvenile probation office's secretary. Jesfjeld relies on two California decisions. *People v. Ridge*, 49 Cal.App.4th 1275, 57 Cal.Rptr.2d 255, 263 (1996) (imputing parole agent's misconduct to the "law enforcement team," and refusing to apply the good faith exception to the exclusionary rule); *People v. Howard*, 162 Cal.App.3d 8, 208 Cal.Rptr. 353, 361 (1984)(similar). However, in North Dakota, the juvenile probation office is a part of the judicial branch and not part of the "law enforcement team." NDCC 27–20–05(1) (juvenile court officers and personnel are part of the court system). While a juvenile supervisor is authorized to "[t]ake into custody and detain a child who is under his supervision or care," he "does not have the powers of a law enforcement officer" otherwise. NDCC 27–20–06(1)(e). *See Arizona v. Evans*, 514 U.S. 1, ——, 115 S.Ct. 1185, 1194, 131 L.Ed.2d 34 (1995) (creating a categorical exception to the exclusionary rule for clerical errors of court employees). Therefore, we decline to impute the secretary's mistake to Buckmeier to invalidate a suspicion that was objectively reasonable.

[¶ 11] Jesfjeld argues Buckmeier should not be allowed to rely on the note for the stop because less intrusive means of confirming his probation status existed. For this argument, Jesfjeld seeks to distinguish *State v. Rodriguez*, 454 N.W.2d 726 (N.D.1990). In *Rodriguez*, we concluded a radioed report of an unconfirmed arrest warrant in another state gave officers articulable and reasonable suspicion for an investigatory stop. *Id.* at 729. We are not convinced.

[¶ 12] Jesfjeld's argument ignores *State v. Geiger*, 430 N.W.2d 346 (N.D.1988), a more apt precedent. There, we decided Geiger's

name on a circulated list of people whose licenses were suspended supported an investigatory stop before the suspension was confirmed through State radio. *Id.* at 349. We rejected Geiger's argument that the stop was unreasonable because the officer could have verified his license status by less intrusive means than an investigatory stop. *Id.* at 348. Here, we conclude Buckmeier reasonably relied on the posted office note to stop Jesfjeld, and the officer was not required to further confirm the contents of the note before an investigating stop.

[¶ 13] We affirm the denial of suppression and the conviction.

[¶ 14] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.