2016 ND 152

STATE of North Dakota, Plaintiff and Appellee

v.

Tyler ASBACH, Defendant and Appellant.

No. 20160055.

Supreme Court of North Dakota.

July 20, 2016.

Rehearing Denied July 28, 2016.

Britta K. Demello Rice (argued) and Julie A. Lawyer (on brief), Assistant State's Attorneys, Bismarck, N.D., for plaintiff and appellee.

Kiara Costa Kraus–Parr, Grand Forks, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Tyler Asbach appeals the district court's criminal judgment entered on a conditional plea of guilty, reserving the right to appeal and seeking review of the order denying his motion to suppress evidence. On appeal, he argues the district court erred in its amended order in-concluding evidence found when his suitcase was searched was admissible under the inevitable discovery doctrine. Specifically, he claims the police officer was acting in bad faith to accelerate discovery of the challenged evidence by exceeding the scope of consent to search. We affirm.

I

[¶ 2] The relevant facts in this case are summarized in State v. Asbach, 2015 ND 280, 871 N.W.2d 820. A brief recitation of those facts regarding the issue for this appeal are summarized below.

[¶ 3] According to testimony at the suppression hearing, in April 2014 Officer Colt Bohn stopped a vehicle for making an illegal turn. Bohn stopped the vehicle at the request of another drug enforcement officer who thought he recognized the driver of the vehicle. Bohn spoke briefly with the occupants, later identified as Tyler Asbach and Clinton Walker, who told him they were traveling in a rented car from Washington State to Indiana to visit Asbach's mother. Asbach and Walker both provided identification and denied there was anything illegal in the vehicle.

[¶ 4] Officer Bohn testified he is a certified drug recognition expert for the Bismarck Police Department and has had training in drug interdiction specific to motor vehicles, including training to recognize suspicious indicators that there may be something illegal inside a vehicle. On the basis of this training and the travel plans of Asbach and Walker, Bohn believed they might be trafficking illegal drugs.

[¶ 5] Officer Bohn provided the names and travel plans of Asbach and Walker to the officer who had requested the stop, and that officer said he did not know them. Bohn ran their identities through dispatch and requested another officer come to the location. Officer Bleth arrived on scene to assist, and Asbach and Walker were separated by the officers to question them about their trip. Bohn asked Asbach for consent to search the vehicle, but Asbach stated he could not give consent because Walker rented the vehicle. Bohn then spoke to Walker, who gave permission for him to search the vehicle.

[¶ 6] Officer Bohn searched the vehicle while Asbach and Walker stood with the backup officer near his squad car. Bohn did not find anything illegal while searching the passenger compartment of the vehicle. Bohn asked Walker to open the trunk of the vehicle, and he complied. The trunk contained several backpacks and some suitcase luggage. Bohn did not ask who owned which items in the trunk before he searched them. In a suitcase, later identified as belonging to Asbach, Bohn found a large heat-sealed bag containing numerous items with marijuana leaves on them, which he believed were edible products containing marijuana. In one of the duffel bags, Bohn found a heat-sealed package of marijuana. Neither Asbach nor Walker ever requested that the search be stopped. Both individuals were arrested, and Walker claimed ownership of the marijuana found in the duffel bag after his arrest.

[¶ 7] Asbach was charged with possession of marijuana with intent to deliver and possession of tetrahydrocannabinols with intent to deliver. He moved to suppress the evidence, which the district court denied after a hearing. The court found the officer's search of Asbach's suitcase

without first obtaining his consent was illegal, but under the inevitable discovery doctrine, the contraband was admissible because the suitcase would have been searched after the marijuana was discovered in Walker's duffel bag. Asbach conditionally pled guilty, reserving his right to appeal. On appeal, this Court affirmed in part, reversed in part, and remanded to the district court for further proceedings to determine whether the State proved that the officer was not acting in bad faith to accelerate discovery of the challenged evidence. *State v. Asbach*, 2015 ND 280, ¶ 21, 871 N.W.2d 820.

[¶ 8] On remand, the district court found the officer was not acting in bad faith to accelerate discovery of the challenged evidence. Asbach appealed.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. Asbach's appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

## II

[¶ 10] On appeal, Asbach argues the police officer was acting in bad faith to accelerate discovery of the challenged evidence and thus the inevitable discovery doctrine should not apply.

[¶ 11] We apply a deferential standard of review when reviewing a district court decision on a motion to suppress:

> A trial court's finding of fact in preliminary proceedings of a criminal case will not be reversed if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of

the evidence. We do not conduct a de novo review. We evaluate the evidence presented to see, based on the standard of review, if it supports the findings of fact.

*City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994) (internal citations omitted).

[¶ 12] Our state and federal constitutions prohibit unreasonable searches and seizures. *See* U.S. Const. amend. IV; N.D. Const. art. I, § 8. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (footnote omitted). "Consent is a well-established exception to the warrant requirement." *State v. Odom*, 2006 ND 209, ¶ 9, 722 N.W.2d 370. "The scope of an individual's consent is determined by 'considering what an objectively reasonable person would have understood the consent to include.'" *Id.* at ¶ 10 (quoting *United States v. Urbina*, 431 F.3d 305, 310 (8th Cir.2005)). "The reasonableness inquiry is applied to the understanding of an officer who is conducting a search." *Id.*

[¶ 13] The inevitable discovery doctrine "establishes that evidence derived from information obtained in an unlawful search is not inadmissible under the fruit-of-the-poisonous-tree doctrine where it is shown that the evidence would have been gained even without the unlawful action." *State v. Phelps*, 297 N.W.2d 769, 774 (N.D. 1980). Under the law of the case, for the inevitable discovery doctrine to apply, the court must find that (1) the police officer did not act in bad faith to accelerate discovery of the evidence and (2) the evidence would have been discovered without the

unlawful activity. *State v. Asbach,* 2015 ND 280, ¶ 16, 871 N.W.2d 820.[1]

[¶ 14] This Court previously concluded that the second prong of the test was satisfied in this case by holding there was sufficient evidence in the record to support the district court's finding that the evidence would have been discovered without the unlawful activity. *State v. Asbach,* 2015 ND 280, ¶ 20, 871 N.W.2d 820. This Court remanded the case on prong one, and the only issue, therefore, on this appeal is whether Officer Bohn acted in bad faith to accelerate discovery of the evidence and exceeded the scope of consent given to search.

[¶ 15] In this case, Officer Bohn requested consent to search the vehicle and received consent from one of the two occupants of the vehicle. This is not a case, however, in which one party granted consent for the officer to search while another party denied consent. Asbach never expressly denied consent but rather deferred consent to Walker. Officer Bohn then spoke to Walker, who gave permission for him to search the vehicle. When Walker granted consent to search the vehicle, Officer Bohn testified he believed he had permission to search the entire vehicle, including any containers found therein, unless and until that consent was revoked or limited. During the search, neither Asbach nor Walker attempted to limit or withdraw consent at any time.

[¶ 16] The United States Supreme Court has held that when an officer informs the driver that he believes the vehicle contains illegal drugs and receives consent to search the vehicle, the search could reasonably extend to any container in that vehicle. *See Florida v. Jimeno,* 500 U.S. 248, 251–52, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Here, while it may have been unreasonable for Officer Bohn to believe all the luggage in the vehicle belonged to Walker, that does not preclude Officer Bohn from having reasonably believed Walker's consent to search the vehicle extended to everything in it when Asbach specifically deferred to Walker on consent. As we stated in *State v. Zimmerman,* 529 N.W.2d 171, 175 (N.D.1995) (citing *Illinois v. Rodriguez,* 497 U.S. 177, 188–89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)), "Under the Fourth Amendment, therefore, valid consent to search may be given by parties with actual or apparent common authority, when viewed from the officer's perspective." The district court, however, found it was not reasonable for the officer to believe here that Walker had the authority to consent to a search of all the luggage in the vehicle. We conclude there was sufficient competent evidence in the record to support the district court's finding of unreasonableness, and the finding is not contrary to the manifest weight of the evidence. The district court further found the officer did not act in bad faith:

> First, it is clear that Officer Bohn was not acting in bad faith. It may have been unlawful for Officer Bohn to search the luggage in the trunk without first ascertaining ownership. *See, [United States v.] Munoz,* 590 F.3d [916,] 923 [ (8th Cir.2010) ]. However, merely unlawful activity does not rise to the level of bad faith[.] *See, [State v.] Holly,* 2013 ND 94, ¶ 57, 833 N.W.2d 15. Because Officer Bohn was not acting "in bad faith to accelerate the discovery of the evidence" and instead was merely searching a vehicle pursuant to consent there is not

---

1. We are deciding the present case under the law of *Phelps.* We note, however, that in *Nix v. Williams,* 467 U.S. 431, 445, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court expressly rejected a lower court's holding that the State, in order to invoke the inevitable discovery doctrine, must prove an absence of bad faith.

bad faith present. *See, State v. Phelps*, 297 N.W.2d 769, 775 (N.D.1980).

Second, had Officer Bohn not unlawfully searched Asbach's luggage the contraband would have still been discovered[.] If Officer Bohn had set aside Asbach's luggage before conducting a search, he would have searched Walker's bags pursuant to valid consent, located contraband and would have gained probable cause to search the remainder of the vehicle under the automobile exception. As a result, the inevitable discovery rule applies and the evidence seized will not be suppressed[.]

We conclude there was sufficient competent evidence in the record to support the district court's finding the officer did not act in bad faith to accelerate the discovery of evidence, and the finding is not contrary to the manifest weight of the evidence. The district court arrived at the conclusion that an unreasonable belief does not equate with bad faith, and it did not err in denying the motion to suppress the evidence.

## III

[¶ 17] We affirm the district court's order denying the motion to suppress and the judgment of conviction.

[¶ 18] GERALD W. VANDE WALLE, C.J., concurs.

LISA FAIR McEVERS, concurs in the result.

KAPSNER, Justice, dissenting.

[¶ 19] As stated in my dissent in *State v. Asbach*, 2015 ND 280, 871 N.W.2d 820, Officer Bohn's extension of the seizure in this case violated the Fourth Amendment to the United States Constitution. For reasons articulated in my previous dissent, I would reverse.

[¶ 20] DANIEL J. CROTHERS, J., concurs.