# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 231

State of North Dakota,                                           Plaintiff and Appellee

    v.

Timothy Paul Hajicek,                                       Defendant and Appellant

## No. 20200071

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kathryn Jund (argued), third-year law student, under the Rule on Limited Practice of Law by Law Students, and Sarah W. Gereszek (appeared), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Alexander F. Reichert (argued) and Challis D. Williams (on brief), Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Timothy Hajicek appeals from a criminal judgment entered after he conditionally pled guilty to driving under the influence. Hajicek claims the district court erred in denying his motion to suppress evidence because a University of North Dakota police officer acting outside his jurisdiction was without official capacity and without the official power to seize. We affirm, concluding the UND police officer was lawfully responding to a request for assistance under N.D.C.C. § 44-08-20(3).

I

[¶2]   In August 2019, Grand Forks Police Department ("GFPD") Officer Adam Solar was driving to work in his personal car, dressed in street clothes, when he observed a pickup weaving within its lane. Solar later testified he thought the weaving was an indicator of an impaired driver. After the pickup crossed the center line, Solar reported the vehicle to dispatch, which broadcasted the information on GFPD's radio. Solar continued to follow the vehicle and observed several additional traffic violations, including crossing the center line, turning into the wrong lane, driving through a red light and stopping in the middle of the intersection, and almost rear-ending a stopped vehicle at a red light. He relayed these observations to dispatch.

[¶3]   Corporal Jayson Waltz from the University of North Dakota Police Department overheard the radio broadcasting that an off-duty GFPD officer was traveling in his personal vehicle and was unable to initiate a traffic stop on a suspected intoxicated driver. Waltz located the pickup within his jurisdiction, and continued to follow it outside of his jurisdiction to relay the direction of travel to dispatch and assist GFPD if requested. After leaving his jurisdiction, Waltz observed the pickup commit two traffic violations: failing to stop at a stop sign and failing to use a turn signal. He reported these observations to dispatch and asked them to contact GFPD to inquire whether they wanted assistance to stop the vehicle.

[¶4]   Waltz followed the pickup for approximately a minute and a half to two minutes before it stopped on its own in a residential driveway. Waltz parked his patrol car at the end of the driveway, exited, and went to speak with Solar, who also had been following the pickup. Waltz informed Solar he was out of his jurisdiction and asked if he wanted assistance in making contact with the driver. Solar said yes, directing Waltz to contact the driver.

[¶5]   Waltz walked up the driveway and approached the driver, who had just left his vehicle. While speaking with the driver, Waltz observed the driver to have a swayed balance, an odor of alcoholic beverages emanating from his person, and slurred speech. He asked the driver for his driver's license, and identified him as Hajicek. As other officers arrived on the scene, Waltz informed Hajicek he was not free to leave. Waltz spoke with officers from GFPD and the Grand Forks County Sheriff's Office before the investigation was turned over to the sheriff's office. Hajicek was arrested and charged with driving under the influence.

[¶6]   Hajicek moved to suppress evidence and dismiss the charge. After a hearing, the district court denied the motion, concluding Waltz acted upon the request of Solar and, alternatively, would have had authority as a private citizen to arrest Hajicek. Hajicek entered a conditional guilty plea to the DUI charge, and the court entered judgment.

## II

[¶7]   Hajicek argues the district court erred in denying his motion to suppress evidence. The standard of review of a district court's decision on a motion to suppress is well established:

> "[W]e give deference to the district court's findings of fact and we resolve conflicts in testimony in favor of affirmance. *State v. Tognotti*, 2003 ND 99, ¶ 5, 663 N.W.2d 642. We 'will not reverse a district court decision on a motion to suppress . . . if there is sufficient competent evidence capable of supporting the court's findings, and if the decision is not contrary to the manifest weight of the evidence.' *State v. Gefroh*, 2011 ND 153, ¶ 7, 801 N.W.2d 429."

*City of Grand Forks v. Reilly*, 2017 ND 135, ¶ 5, 895 N.W.2d 322 (quoting *State v. Kaul*, 2017 ND 56, ¶ 5, 891 N.W.2d 352). Statutory interpretation is a question of law fully reviewable on appeal. *State v. Hirschkorn*, 2016 ND 117, ¶ 5, 881 N.W.2d 244.

A

[¶8]   "[A]s a general rule a police officer acting outside his jurisdiction is without official capacity and without official power to arrest." *Kroschel v. Levi*, 2015 ND 185, ¶ 7, 866 N.W.2d 109. It is undisputed Waltz was acting outside his jurisdiction when he detained Hajicek. The district court found Waltz had authority to act outside his jurisdiction under N.D.C.C. § 44-08-20(3), which states: "Peace officers employed by a law enforcement agency within the state have the power of a peace officer . . . [w]hen responding to requests from other law enforcement agencies or officers for aid and assistance."

[¶9]   Hajicek claims Waltz did not have authority to seize him under N.D.C.C. § 44-08-20(3) because Solar did not request assistance from Waltz.

[¶10] In *State v. Graven*, an anonymous tip by a truck driver was transmitted over state radio that a driver might be under the influence of alcohol. 530 N.W.2d 328, 329 (N.D. 1995). Both a highway patrolman and the Casselton chief of police heard the transmission and proceeded to the reported location. *Id.* The chief of police was first to locate the driver, and observed several lane violations while following the driver. *Id.* The chief of police, who was outside of his geographical jurisdiction, radioed the highway patrolman, and the patrolman told him to "pull him over." *Id.* The police chief stopped the driver, and within minutes, the patrolman arrived at the scene. *Id.* The patrolman took over the investigation and arrested the driver. *Id.* The driver moved to suppress evidence, arguing the chief of police was outside his jurisdictional authority when he made the stop. *Id.* The district court denied the motion, and this Court affirmed, concluding the patrolman's request for the chief of police to "pull him over" constituted a request for assistance, vesting the chief of police with authority under N.D.C.C. § 44-08-20(3). *Graven*, at 329-30.

3

[¶11] Here, the district court found Waltz acted upon the request for assistance of Solar. Evidence supports the court's finding. Waltz testified "[Solar] informed me that he would stand by in his vehicle while I made contact with the driver." Waltz understood this to mean Solar was requesting assistance. Solar testified Waltz approached him and Solar "told him we should stop the vehicle." Asked if he "direct[ed] . . . Waltz to approach the vehicle," Solar responded, "Yeah. If I remember right, [Waltz] said something like, 'Should I stop him?' and I said, 'Yeah, stop him.'" The two officers also testified that because Solar was off-duty, he was without his normal equipment, such as his safety vest. The court found "Waltz understood Solar was unable to safely contact a driver at that time" and "Solar needed and was requesting Waltz to contact the driver."

[¶12] Hajicek suggests the determinative issue is who first asked for, or offered, assistance. "When a statute's language is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit, as legislative intent is presumed clear from the face of the statute." *State v. Beilke*, 489 N.W.2d 589, 592 (N.D. 1992) (citing N.D.C.C. § 1-02-05). "In interpreting a statute, we give words their plain, ordinary and commonly understood meaning." *Beilke*, at 592 (citing N.D.C.C. § 1-02-02). Even if Waltz offered Solar assistance first or solicited his request, this did not negate the fact Solar ultimately requested Waltz's assistance in contacting Hajicek. The plain language of N.D.C.C. § 44-08-20(3) only requires a request for assistance from another agency or officer, not that it must be the first request or an unsolicited request. Based on the factual similarities, and the same statute, *Graven* is controlling. We conclude Waltz lawfully responded to a request for assistance under N.D.C.C. § 44-08-20(3).

B

[¶13] During oral argument Hajicek claimed that he was seized when Waltz parked his patrol car behind his pickup at the end of the driveway, and that the seizure was illegal because it preceded Solar's request for assistance. The district court did not determine when Hajicek was seized for purposes of the Fourth Amendment, or if the positioning of Waltz's vehicle constituted a *Terry*

4

stop. Instead, the issue before the district court was whether Waltz acted with authority either under N.D.C.C. § 44-08-20(3) or the citizen's arrest statute.

[¶14] Initially, Hajicek argued in his brief in support of the motion to suppress that Waltz's "actions prior to contacting" him constituted a seizure. He seems to later identify these actions as "blocking in" his pickup and a "uniformed police officer approaching" him. Hajicek then identified the initial interaction between him and Waltz as the point of seizure. Thus, Hajicek argued he was seized either when Waltz blocked in his pickup and approached him, or when they initially interacted. Hajicek did not argue the car positioning alone was tantamount to a seizure.

[¶15] At the suppression hearing Hajicek's attorney briefly argued in his closing remarks that the position of the car alone was a seizure:

> "Hajicek would have had to drive up on the curb to get around his vehicle. Well, that sounds like he's blocking the vehicle in. This vehicle can't leave even if it wanted to. It's a marked UND squad car that's now blocking in this vehicle. At that point, there's a seizure."

We are skeptical that Hajicek's reframing of the issue in his closing argument at the suppression hearing preserves this issue for appeal. However, we need not decide that question because Hajicek did not properly raise the issue on appeal.

[¶16] Hajicek raised two issues on appeal: whether Waltz acted with authority under N.D.C.C. § 44-08-20(3), and whether Waltz acted with authority contrary to the citizen's arrest statute. Hajicek did not argue here that the district court failed to determine when he was seized for purposes of the Fourth Amendment. The State did not address the point of seizure in its brief opposing the motion to suppress or in its appellate brief. "Issues raised on appeal should be fully briefed, with a fair and adequate opportunity for response from opposing parties." *Roise v. Kurtz*, 1998 ND 228, ¶ 10, 587 N.W.2d 573. Moreover, we will not consider issues not briefed on appeal. *See id.* (stating "we do not consider issues raised for the first time at oral argument on appeal").

5

[¶17] Because Waltz acted with authority under N.D.C.C. § 44-08-20(3), we do not need to determine whether he also had authority under the citizen's arrest statute.

## III

[¶18] The criminal judgment and order denying Hajicek's motion to suppress are affirmed.

[¶19] Gerald VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      William Neumann, S.J.

[¶20] The Honorable William A. Neumann, S.J., sitting in place of Jensen, C.J., disqualified.